IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTIONS TO** |
| | ) | **CONTINUE; DENYING** |
| vs. | ) | **MOTION TO SEVER** |
| | ) | |
| Israel John Patrick Davis and | ) | Crim File No. 3:07-cr-95-06 |
| Cory Allen Hiebert, | ) | -09 |
| | ) | |
| Defendants. | ) | |

Before the Court are motions to continue the trial currently scheduled for Monday, March 3, 2008. Defendant Davis moved to continue because of on-going plea negotiations (Doc. #202). The United States filed a motion to continue the trial as to Defendant Hiebert because of on-going plea negotiations (Doc. #203). Both defendants have waived their speedy trial rights. Neither motion is resisted.

A Court may exclude periods of time from consideration under the Speedy Trial Act if it determines that the ends of justice outweigh the best interests of the public and defendant in having a speedy trial. United States v. Dota, 33 F.3d 1179, 1182 (9th Cir. 1994); 18 U.S.C. § 3161(h)(8)(A). An ends-of-justice continuance may be justified in order for plea negotiations to be pursued. United States v. Fields, 39 F.3d 439, 445 (3d Cir. 1994). The period of delay caused by plea negotiations is also excludable under 18 U.S.C. § 3161(h)(1) because plea negotiations are "other proceedings concerning the defendant." United States v. Van Someren, 118 F.3d 1214, 1219 (8th. Cir. 1997). Here, it appears to the Court that a continuance both serves the "ends of justice" and is appropriate due to the other proceedings concerning the defendants.

1

The Court finds that the ends of justice served by ordering this continuance outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C. § 3161(h)(8). The Court hereby **GRANTS** the motions for continuance. The new trial date for these defendants is Tuesday, March 25, 2008, at 9:30 a.m. in Courtroom 1 in Fargo, North Dakota. Court will meet with counsel at 9:00 a.m. for the final pretrial conference.

Also before the Court is Davis's motion to sever (Doc. #154). Davis argues he would be prejudiced by a joint trial because the jury would be unable to separate Davis from other defendants and Davis would be unable to elicit exculpatory testimony from Defendant Mott. Id. The United States does not resist the motion based on its estimation that none of the co-defendants would be proceeding to trial (Doc. #203).

Generally, if parties are charged in the same conspiracy, they should be tried together. See United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006) (citing United States v. Adkins, 842 F.2d 210, 211 (8th Cir. 1988)). In the case of a conspiracy, a joint trial is appropriate where proving the charges in each case requires reliance on common evidence and acts. United States v. Dierling, 131 F.3d 722, 734 (8th Cir. 1997). Here, Davis was indicted with Hiebert. The indictment stems from their alleged involvement in the same drug conspiracy. Much of the same evidence and many common witnesses would be used to prove the existence of and their involvement in the conspiracy. Moreover, Davis's motion appears to be moot. The parties he is concerned about – Mott and Myers – have informed the Court of their intention to plead guilty. No argument has been made that a joint trial with Hiebert would prejudice Davis. The motion is therefore **DENIED.**

**IT IS ORDERED** that the period of delay commencing from the date of this Order until

the date of the trial shall be excluded from the calculation of time for purposes of the Speedy Trial Act, 18 U.S.C. § 3161.

    **IT IS SO ORDERED.**

    Dated this 27th day of February, 2008.

                                             */s/     Ralph R. Erickson*
                                             Ralph R. Erickson, District Judge
                                             United States District Court